## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANDREW DYKSTRA and
HILIARY GODDARD-DYKSTRA,
individually, and as next friends of C.D.,
a minor,

      Plaintiffs,

v.

SPIGEL PROPERTIES, INC., a Texas
corporation, and S & S SHOPPING
CENTERS, LTD., a Texas limited
partnership,

      Defendants.

Case No. 1:19-cv-96

Hon.

_____/

Scott A. Noto (P67833)
THE BRITT LAW GROUP PC
Attorney for Plaintiffs
146 Monroe Center NW, Suite 418
Grand Rapids, MI 49503
Phone: (616) 866-2700

Theodore J. Westbrook (P70834)
WESTBROOK LAW PLLC
Attorney for Plaintiffs
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiffs Andrew Dykstra and Hiliary Goddard-Dykstra, individually, and as next friends and parents of C.D., a minor, by and through counsel state the following as their Complaint against Defendants Spigel Properties, Inc. and S & S Shopping Centers, Ltd.:

## Introduction

This is an action for damages and equitable relief for Defendants' violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101 *et seq.* ("PWDCRA").

## Parties

1. Plaintiffs Andrew Dykstra and Hiliary Goddard-Dykstra are parents of C.D., a minor child. Plaintiffs reside within this district in Wyoming, Michigan.

2. Defendant Spigel Properties, Inc. is a Texas corporation with a registered office address of 70 N.E. Loop 410, Suite 185, San Antonio, Texas 78216. Spigel Properties, Inc. transacts business in the State of Michigan by operating one or more shopping centers located in Michigan.

3. Defendant S & S Shopping Centers, Ltd., is a Texas limited partnership that transacts business in the State of Michigan as S & S Shopping Centers – MI Limited Partnership. "Rogers Plaza" is a registered assumed name of S & S Shopping Centers, Ltd.

## Jurisdiction and Venue

4. This Court has jurisdiction of the ADA claim under 28 U.S.C. § 1331. This Court has supplemental jurisdiction of Plaintiffs' state law claims under 28 U.S.C. § 1367.

5. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred here.

## General Allegations

6. Plaintiff C.D. is a two-year-old girl diagnosed with agenesis of the corpus callosum, a congenital disorder that affects her functioning, most notably her ability to walk.

7. According to the National Organization for Disorders of the Corpus Callosum, the corpus callosum is the largest and most important pathway of nerve fibers that allow for

communications between the two sides of the brain.  Approximately one in 3,000 people are affected by a disorder of the corpus callosum.

8. A disorder of the corpus callosum prevents this pathway of nerve fibers from fully developing, or renders it absent all together.

9. C.D. works regularly with a physical therapist to increase her brain communication and improve her walking.  To do so, C.D., her physical therapist, and members of C.D.'s family meet weekly at a local mall.

10. The purpose of meeting in a public space is two-fold: first, it allows C.D. sufficient space necessary to practice her walking; and second, it provides C.D. with another critical aspect of her therapy: integration into the community, an important part of any therapy for an individual with a developmental disability.

11. C.D. walks with the aid of a custom-built gait trainer (or "walker") and under the watchful eye of her physical therapist.  When C.D. gets tired during her physical therapy, it is not uncommon for her to sit down on the floor to rest temporarily.

12. One mall where C.D., her family members, and physical therapist have met frequently to conduct her physical therapy is Rogers Plaza Town Center ("Rogers Plaza") in Wyoming, Michigan.

13. Defendants Spigel Properties, Inc. ("Spigel") and S & S Shopping Centers, Ltd. together own and operate Rogers Plaza.

14. Spigel employee Kevin VanTimmeren was the Site Manager of Rogers Plaza during the periods identified in this Complaint.

15. Upon information and belief, Mr. VanTimmeren also works as an agent and/or employee of Defendant S & S Shopping Centers, Ltd.

16. On October 25, 2018, C.D. visited Rogers Plaza with her grandfather, Robert Goddard, and her physical therapist. They liked the facility because it provided a significant amount of space for C.D. to use her walker. This allowed C.D. to walk for long stretches at a time without pausing to turn around, which is critical to the development of her strength and balance.

17. C.D.'s walking sessions typically lasted between 45 to 60 minutes. During this time, C.D., her grandfather, and her physical therapist created no significant disruptions and did not impede other patrons present at Rogers Plaza.

18. C.D., her grandfather, and physical therapist visited Rogers Plaza on other occasions. Sometimes other family members would attend as well.

19. On November 29, 2018, C.D. was at Rogers Plaza with her grandfather and physical therapist. Mr. VanTimmeren approached them and stated, "you're not supposed to be on the floor" as he continued walking by. He did not identify himself.

20. The following week, on December 6, 2018, C.D. returned with her grandfather and physical therapist. Again, Mr. VanTimmeren approached. He stated, "I told you not to sit on the floor." When Mr. Goddard and the physical therapist explained what they were doing and asked if they were allowed to walk in the mall, Mr. VanTimmeren said, "Yes, but you can't sit on the floor. It should be obvious why you can't."

21. The following week, on December 13, 2018, C.D. again conducted physical therapy at Rogers Plaza with her grandfather Robert Goddard and her physical therapist. Mr. VanTimmeren approached C.D., Mr. Goddard, and her physical therapist. He told them that C.D. could not sit on the floor.

22. Mr. Goddard again explained to Mr. VanTimmeren that C.D.'s disability requires her to sit down to rest periodically. Mr. VanTimmeren stated, "this is a business." Mr.

VanTimmeren advised Mr. Goddard that "the next call is to the police" and told them "don't come back."

23.     Later that day, Plaintiff Hiliary Goddard-Dykstra called Mr. VanTimmeren.  When she attempted to explain C.D.'s disability to him, he responded: "What don't you people get?  She can't sit on the floor!"  When Mrs. Goddard-Dykstra again tried to explain that C.D. is disabled and performs physical therapy to improve her walking, Mr. VanTimmeren responded, "From what I saw, she can barely walk at all."

24.     Rogers Plaza is a place where people often go to walk for therapeutic exercise, taking advantage of its open interior space.  On any given day, people walk around the perimeter of the mall.

25.     Defendants are and at all relevant times were aware that individuals and groups of people utilize Rogers Plaza for the purpose of walking for exercise, therapy, or enjoyment.

26.     Defendants are and at all relevant times were aware that individuals using Rogers Plaza for walking included, on one or more occasions, parents walking with their able-bodied young children to help improve their strength and coordination and assist them in learning to walk effectively.

27.     Defendants are and at all relevant times were aware that individuals and groups of people have, while utilizing Rogers Plaza, occasionally sat on the floor for brief periods of time.

28.     In at least one instance, patrons of a Michigan Secretary of State branch office in Rogers Plaza have sat on the floor as they waited their turn in line.

29.     Upon information and belief, Defendants have not banned or threatened to ban any able-bodied persons from walking around Rogers Plaza for therapeutic exercise or sitting on the floor.

30. Upon information and belief, Defendants have taken no steps to deter individuals from using Rogers Plaza for walking with their able-bodied young children during the process of teaching them to walk and/or improving their walking skill and ability.

### Count I: Americans with Disabilities Act, Title III
### (42 U.S.C § 12101 *et seq.*)

31. Plaintiffs incorporate and re-state the foregoing paragraphs.

32. Title III of the ADA, 28 U.S.C. § 12182(a), provides that "no individual shall be discriminated against on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."

33. The ADA, 42 U.S.C. § 12101(2), defines disability as a "physical or mental impairment that substantially limits one or more of the major life activities of such an individual."

34. Given her diagnosis of agenesis of the corpus callosum, Plaintiff C.D. has a disability within the meaning of the ADA.

35. Rogers Plaza is open to the public and, therefore, is a place of public accommodation. *See* 42 U.S.C. § 12181(7)(E).

36. Defendants denied C.D. public accommodation due to her disability by prohibiting her from sitting on the floor and barring her, or threatening to bar her, from Rogers Plaza.

WHEREFORE, Plaintiffs Andrew Dykstra and Hiliary Goddard-Dykstra, individually, and as next friends and parents of C.D., a minor, respectfully request that the Court:

A. Enter Judgment against Defendants Spigel Properties, Inc. and S & S Shopping Centers, Ltd.;

B. Issue an injunction or grant other equitable relief against Defendants Spigel Properties, Inc. and S & S Shopping Centers, Ltd.;

C. Award Plaintiffs reasonable attorneys' fees and other such costs as provided by 42 U.S.C. § 12188(a)(1) and 42 U.S.C. § 2000a-(3)(b); and

D.  Grant Plaintiffs such further relief as the Court deems proper.

**Count II: Discrimination Under the Persons with Disabilities Civil Rights Act
(M.C.L. § 37.1101 *et seq.*)**

37. Plaintiffs incorporate and re-state the foregoing paragraphs.

38. Under the Michigan PWDCRA, M.C.L. § 37.1103(d)(i) and (d)(i)(B), "disability" means "a determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition at birth, or functional disorder" that is "unrelated to the individual's ability to utilize and benefit from a place of public accommodation or public service."

39. Under the PWDCRA, M.C.L. § 37.1301(a), a "place of public accommodation" means "a business, educational institution, refreshment, entertainment, recreation, health, or transportation facility of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public."

40. Plaintiff C.D.'s diagnosis of agenesis of the corpus callosum is a disability within the meaning of the PWDCRA.

41. Rogers Plaza is a place of public accommodation within the meaning of the PWDCRA.

42. Defendants denied C.D. the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations due to her disability by prohibiting her from sitting on the floor and barring her, or threatening to bar her, from Rogers Plaza.

43. Defendants denied C.D. the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations because of her use of an adaptive device or aid, namely a custom-made gait trainer or "walker."

44. C.D.'s disability is unrelated to her ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations otherwise provided by Defendants.

WHEREFORE, Plaintiffs Andrew Dykstra and Hiliary Goddard-Dykstra, individually, and as next friends and parents of C.D., a minor, respectfully request that the Court:

A. Enter Judgment against Defendants Spigel Properties, Inc. and S & S Shopping Centeres, Ltd.;

B. Award Plaintiffs damages for the injury and/or loss caused by Defendants' violations of the PWDCRA;

C. Issue an injunction or grant other equitable relief against Defendants Spigel Properties, Inc. and S & S Shopping Centers, Ltd.;

D. Award Plaintiffs reasonable attorneys' fees as set forth in M.C.L. § 37.1606(3); and

E. Grant Plaintiffs such further relief as the Court deems proper.

**Count III: Unlawful Retaliation Under the Persons with Disabilities Civil Rights Act (M.C.L. § 37.1101 *et seq.*)**

45. Plaintiffs incorporate and re-state the foregoing paragraphs.

46. In November and December 2018, Kevin VanTimmeren, acting on behalf of Defendants Spigel Properties, Inc. and S & S Shopping Centers, Ltd., advised C.D.'s family members and physical therapist that C.D. was not permitted to sit on the floor inside Rogers Plaza.

47. C.D.'s grandfather, Mr. Goddard, her other family members, and/or her physical therapist advised Mr. VanTimmeren of C.D.'s disability and that, due to her difficulty walking, she often needs to sit down to rest temporarily.

48. In so doing, C.D., her family members, and her physical therapist expressed their opposition to Defendants' violation of the PWDCRA.

49. Each time she visited Rogers Plaza to walk and conduct physical therapy, C.D. engaged in a protected activity under the PWDCRA.

50. Defendants knew C.D. frequented Rogers Plaza to conduct physical therapy and that she sat down on the floor whenever her disability required or otherwise prompted her to sit down.

51. On December 13, 2018, Defendants. took an action adverse to C.D. by threatening to call the police, banning her and her family members from Rogers Plaza, or threatening to ban her and her family members from Rogers Plaza for sitting down on the floor.

52. The adverse action by Defendants was caused by C.D.'s frequent use of Rogers Plaza for physical therapy and her and her family members' opposition to Defendants' refusal to allow C.D., a disabled child, to sit on the floor to rest as needed, or in the disparate treatment of C.D. by Defendants.

53. Defendants unlawfully retaliated against C.D. in violation of the PWDCRA when they threatened to call the police, banned C.D. from Rogers Plaza, or threatened to ban C.D. from Rogers Plaza on December 13, 2018.

WHEREFORE, Plaintiffs Andrew Dykstra and Hiliary Goddard-Dykstra, individually, and as next friends and parents of C.D., a minor, respectfully request that the Court:

A. Enter Judgment against Defendants Spigel Properties, Inc. and S & S Shopping Centers, Ltd.;

B. Award Plaintiffs damages for the injury and/or loss caused by Defendants' unlawful retaliation under the PWDCRA;

C. Issue an injunction or grant other equitable relief against Defendants Spigel Properties, Inc. and S & S Shopping Centers, Ltd.;

D. Award Plaintiffs reasonable attorneys' fees as set forth in M.C.L. § 37.1606(3); and

E. Grant Plaintiffs such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiffs Andrew Dykstra and Hiliary Goddard-Dykstra, individually, and as next friends and parents of C.D., a minor, respectfully request trial by jury on their claims brought under the Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101 *et seq.*

        Respectfully submitted,

**The Britt Law Group PC**

*/s/ Scott A. Noto*
By: Scott A. Noto (P67833)
146 Monroe Center NW, Suite 418
Grand Rapids, MI 49503
T: 616-866-2700
F: 616-499-3052
Email: scott@brittlawcounselor.com


**Westbrook Law PLLC**

*/s/ Theodore J. Westbrook*
By: Theodore J. Westbrook (P70834)
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
T: 616-288-9548
F: 616-888-6111
Email: twestbrook@westbrook-law.net