UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW DYKSTRA, et al., *individually,*
*and as next friend of* C.D.,

    Plaintiffs,

v.

SPIGEL PROPERTIES, INC., et al.,

    Defendants.
_____/

Case No. 1:19-cv-96

HON. JANET T. NEFF

## ORDER

Pending before the Court is the parties' Joint Motion for Leave to File Settlement Agreement under Seal (ECF No. 15), requesting the Court grant Defendants leave to file the Settlement Agreement in this case under seal for this Court's determination of the fairness under MICH. CT. R. 2.420(B). The Motion is denied.

As the parties note, W.D. Mich. LCivR 10.6(b) permits this Court to allow a party to file a document under seal for good cause shown. Further, it is well established that the Court "'has supervisory power over its own records and files,'" which includes limiting access to certain court documents. *Hertz v. Miller*, No. 07-14369, 2011 WL 4433763, at *1 (E.D. Mich. Sept. 21, 2011) (quoting *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978)). "But the district court's power to seal records is subject to the 'long-established legal tradition' of open access to court documents. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

"In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* at *2 (citing *Nixon*,

435 U.S. at 599, 602); *see also Johnson v. Parchment Sch. Dist.*, No. 1:03-CV-917, 2006 WL 1275066, at *1 (W.D. Mich. May 5, 2006). "'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Hertz*, 2011 WL 4433763, at *2 (quoting *In re Knoxville News–Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)).

The parties' only stated basis for sealing the Settlement Agreement in this case is that a material term of the Settlement Agreement, agreed to by both parties, is the complete confidentiality of the Settlement Agreement, and "Defendant would lose the benefit of a material term of the Settlement Agreement if it is made available to the public through filing" (ECF No. 15 at PageID.37, 39-40). The parties note that settlement agreements are generally not required to be filed with the court, and such filing is necessary only because this case involves a minor. The Court finds such grounds insufficient "to justify the 'drastic step' of sealing the settlement documents." *See Hertz*, 2011 WL 4433763, at *2 ; *see also Johnson*, 2006 WL 1275066, at *3.[1]

On May 16, 2019, the parties filed a Joint Notice of Settlement and Revised Motion to Approve Settlement Agreement and Release (ECF No. 17), which provides the general terms of their settlement but omits the specifics, including dollar amounts, and requests that if the Court denies their pending Joint Motion for Leave to File Settlement Agreement under Seal (ECF No. 15), the Court allow an in camera review of the Settlement Agreement. This proposal is a "distinction without a difference" in light of the above governing legal principles and policies. This Revised Motion is denied.

Therefore,

---

[1] The Court otherwise finds no impediment to approval of the settlement in this case based on the substantive terms.

**IT IS HEREBY ORDERED** that the parties Joint Motion for Leave to File Settlement Agreement under Seal (ECF No. 15) is DENIED.

**IT IS FURTHER ORDERED** that the Joint Notice of Settlement and Revised Motion to Approve Settlement Agreement and Release (ECF No. 17) is DENIED.

**IT IS FURTHER ORDERED** the parties shall not later than **May 28, 2019** file (1) a revised settlement agreement on the public docket for approval, along with a supplement confirming that the settlement complies with MICH. CT. R. 2.420(B) and a hearing is unnecessary (*see* Order, ECF No. 14); or (2) file other appropriate papers to proceed with or conclude this case consistent with this Order.

Dated:  May 17, 2019                                     /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge