## SETTLEMENT AGREEMENT
## AND
## RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Defendants **S & S Shopping Centers, Ltd. ("S & S"), Spigel Properties, Inc. ("Spigel")** and Plaintiffs **Andrew Dykstra** and **Hiliary Goddard-Dykstra**, individually and as next friends of C.D., a minor ("the **Dykstras**"). **S & S, Spigel** and the **Dykstras** are collectively referred to as the "**Parties.**"

## RECITALS

A.  On February 7, 2019, the **Dykstras** filed a Complaint in the United States District Court for the Western District of Michigan alleging violations of Title III of the Americans with Disabilities Act and the Michigan Persons with Disabilities Civil Rights Act, case No. 1:19-cv-96.

B.  The **Parties** now desire to resolve **ALL** claims between them, including claims relating to the above-referenced Complaint, with prejudice and without additional costs, attorney fees (except those specifically provided for herein), or sanctions, and to settle and compromise any and all possible claims between them and to provide for a general release of any and all such claims.

## AGREEMENT

1.  **Consideration:** The Parties will settle all claims under the following terms:

    a.  Kevin Van Timmeren and **S & S** will apologize, in writing, to the Dykstra family. A sample of the apologies are attached as Exhibits 1 and 2;

    b.  **S & S** shall adopt for Rogers Plaza reasonable procedures for ensuring ADA and PWDCRA compliance for persons with disabilities, including children and shall train employees as to such procedures and compliance;

    c.  **S & S** shall post a public notice at Rogers Plaza either describing or referencing the prevailing policies regarding use of the mall for therapy, exercise, and related activities, including the policy that persons wanting to conduct business in the mall common area, such as physical therapists, require prior approval from the property owner and execution of a Hold Harmless agreement.

    d.  **S & S** and/or **Spigel** shall make a donation in Claire Dykstra's name in the amount of $5,000.00 to a charity of the Dykstra's choosing;

    e.  **S & S** shall make a one-time payment to Claire Dykstra (Minor) of Five ($5,000.00) Thousand Dollars in accordance with M.C.L. §700.5102.

    f.  **S & S** shall make an additional payment to Claire Dykstra (Minor) of Two Thousand Dollars ($2,000.00) not sooner than January 1, 2020 but, in any event, no later than January 31, 2020 in accordance with M.C.L. §700.5102.

Initial Here:

*Dykstra v. Spigel Properties Settlement Agreement - Continued*

    g.    S & S shall pay to the Dykstras or their attorneys, Court costs in the amount of $575.25;

    h.    S & S shall pay attorney's fees in the following amounts:

        (i)    Scott Noto/Britt Law Group:    $5,750.00

        (ii)    Ted Westbrook/Westbrook Law:    $3,500.00

2.    **Release of Claims:** The **Dykstras**, individually and on behalf of the minor C.D., release **Spigel**, **S&S**, Kevin Van Timmeren and all of their officers, directors, employees, insurers, agents and attorneys from all liability under the Americans with Disabilities Act, the Person's with Disabilities Act and all other federal or state claims up through the date of approval of this Agreement by the Court.

3.    **Dismissal with Prejudice:** The **Dykstras**, on behalf of themselves and the minor C.D., will stipulate to dismiss the Complaint against **S &S** and **Spigel**, case No. 1:19-cv-96 with prejudice and without any additional costs, attorney fees (except those specifically provided for herein), or sanctions. This shall include any and all possible claims against Kevin Van Timmeren, or any other employee of Defendants, who shall be fully released of all liability in connection with any claims that the Dykstras or the minor C.D. may have against Kevin Van Timmeren or any other employee of Defendants, through the date of this Agreement being approved by the Court.

4.    **Social Media:** The Dykstras shall not post on social media any further articles, blogs or other types of postings relating to the issues they raised in the Complaint. In response to social media inquiries regarding the issues in this lawsuit, the Dykstras may respond:

> "We have worked with Rogers Plaza to our satisfaction to ensure that Claire has full access to the public areas of the facility. Thank you everyone for your support."

5.    **Professional Rehabilitation.** Should the Dykstra family, including the minor C.D., desire to use the public areas of Rogers Plaza for exercise and social interaction, they are freely granted access to the Plaza during normal business hours providing they comply with the rules of the Plaza. Should they desire to use the Plaza in connection with the direction of a physical therapist, they are required to contact the Plaza and request permission and provide the dates and times for the use of the facilities. In addition, the Dykstras and physical therapist must sign a Hold Harmless Agreement.

6.    **Mutual Non-Disparagement:** The **Dykstras** will not disparage, discredit, or otherwise treat in any detrimental manner, **S & S**, **Spigel**, Roger's Plaza, Kevin Van Timmeren, or any of their officers, shareholders, agents, or employees related to the events alleged in the Complaint. The **Dykstras** shall cease their social media postings of issues relating to **S & S**, **Spigel**, Roger's Plaza, Kevin Van Timmeren or any of their officers, shareholders, agents, or employees related to the events alleged in the Complaint. Similarly, **S & S** and **Spigel** shall not disparage the Dykstras. Should this provision be violated, the non-offending party shall have the right to seek liquidated damages in the amount of $500.00. Should the offending party fail to pay the amount, the non-offending party shall have the right to recover their costs and attorney fees to enforce this provision, including all collection activities. Nothing in this paragraph should preclude the **Dykstras** from communicating directly with **S &S**, **Spigel**, Roger's Plaza, or Kevin Van Timmeren regarding their daughter and the issues that

Initial Here: _WD_/_AD_

*Dykstra v. Spigel Properties Settlement Agreement - Continued*

gave rise to the Complaint, provided that any such communications are kept confidential and not shared with any third-party or posted onto social media.

A "disparaging comment" under this Agreement is one which impugns the intelligence, character, honesty, integrity, morality, products, services, or business practices of the individual or entity about whom the remark or statement is made. Nothing in this Section restricts any of the parties from providing truthful testimony if testifying under oath in any legal proceeding or from providing truthful information in response to any inquiry from any government agency.

7.  **Understanding of Agreement**: The **Parties** acknowledges that they have read this entire Agreement, and that they understand and has had an opportunity to consult with an attorneys on all its terms and knowingly and freely enters into the Agreement.

8.  **Entire Agreement**: The **Parties** further declare and represent that no promise, inducement or agreement not herein expressed has been made to them and that this Agreement contains the full and entire agreement between and among the **Parties**, and that the terms of this Agreement are contractual and not a mere recital.

9.  **Applicable Law**: The validity, interpretation and performance of this Agreement shall be construed and interpreted according to the laws of the State of Michigan.

10. **Severability**: If any provision of this Agreement, or part thereof, is held invalid, void or voidable as against public policy or otherwise, the invalidity shall not affect other provisions, or parts thereof, which may be given effect without the invalid provision or part. To this extent, the provisions, and parts thereof, of this Agreement are declared to be severable.

11. **Confidentiality**: The **Dykstras** agree to maintain the complete confidentiality of the terms of this Agreement. The Parties agree that should the **Dykstras** violate this confidentiality provision, they will own **S & S** and **Spigel** $500.00 as liquidated damages for each violation. **S & S** and/or **Spigel** may also recover costs and attorney fees should the **Dykstras** violate the terms of confidentiality and fail to pay the liquidated damages within thirty (30) days of notice of violation. This confidentiality provision shall extend to all social media postings.

12. **No Admission of Liability**: It is understood that this Agreement is not an admission of any liability under the ADA or PWDCRA, but is a compromise of a disputed claim.

13. **Counterparts**: This Agreement may be signed in counterparts. A facsimile or electronically stored signature (such as PDF) shall have the same force and effect as an original signature.

The **Parties** have read the foregoing Agreement, know its contents and fully understand it. None of the **Parties** are being influenced by any statement made by or on behalf of any of the other **Parties** to this Agreement. The **Parties** have relied and are relying solely upon their own judgment, belief and knowledge of the nature, extent, effect, and consequences relating to this Agreement and/or upon the advice of their own legal counsel concerning the consequences of this Agreement. The **Parties** further agree that there will be no oral modifications to this Agreement and that the terms of this Agreement shall be controlling.

Initial Here: WD AD

*Dykstra v. Spigel Properties Settlement Agreement - Continued*

IN WITNESS WHEREOF, the undersigned have executed this Agreement and Release on the dates shown below.

_____
ANDREW DYKSTRA, individually and as next friend of C.D.

Dated: March 29, 2019

SPIGEL PROPERTIES, INC.
By: _____
Its: Vice President

Dated: March 29, 2019

_____
HILARY GODDARD-DYKSTRA, individually and as next friend of C.D.

Dated: March 29, 2019

S & S SHOPPING CENTERS, LTD.
By: _____
Its: Vice President

Dated: March 29, 2019

VAN SUILICHEM & ASSOCIATES, P.C.
s/
Donald A. Van Suilichem (P25632)
and Kelly A. Van Suilichem (P69902)
Attorneys for Defendants
40900 Woodward Avenue, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 644-2419
dvslawyer@dvsemploymentlaw.com
kelly.van@kvslaw.com

Dated: March 27, 2019

THE BRITT LAW GROUP PC
s/
Scott A. Noto (P67833)
Attorneys for Plaintiffs
146 Monroe Center NW, Suite 418
Grand Rapids, MI 49503
Telephone: (616) 866-2700

Dated: March 29, 2019

WESTBROOK LAW PLLC
s/
Theodore J. Westbrook (P70834)
Attorneys for Plaintiffs
6140 28th St., SE, Suite 115
Grand Rapids, MI 49546
Telephone: (616) 288-9548

Dated: March 29, 2019

Initial Here: HD /AD

713.001:DVS:SAGR:42042-Dykstra Settlement Agreement (3-28-19) (1)